UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

MARIO D. CHIRINO
and other similarly-situated individuals,

    Plaintiff(s),

v.

SEA CLUB OCEAN RESORT HOTEL, INC.
d/b/a CASA DEL MARE RISTORANTE

    Defendant,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW Plaintiff MARIO D. CHIRINO and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendant SEA CLUB OCEAN RESORT HOTEL, INC. d/b/a CASA DEL MARE RISTORANTE and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover monetary damages for half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARIO D. CHIRINO is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant CLUB OCEAN RESORT HOTEL, INC. d/b/a CASA DEL MARE RISTORANTE (from now on, CASA DEL MARE RISTORANTE, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Broward County, Florida,

within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff MARIO D. CHIRINO as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2021, (the "material time") without being properly compensated.

6. Defendant CASA DEL MARE RISTORANTE is an upscale Italian restaurant and bar located at 619 N. Fort Lauderdale Beach Blvd., Fort Lauderdale, FL 33304, where Plaintiff worked.

7. Defendant CASA DEL MARE RISTORANTE employed Plaintiff MARIO D. CHIRINO as a line cook from November 01, 2021, to March 26, 2023, or 73 weeks.

8. Plaintiff was hired as a full-time non-exempt salaried employee. Plaintiff was paid a salary of $1,000.00 weekly.

9. During his employment with Defendant, Plaintiff worked a regular schedule of five days per week. Plaintiff worked Wednesdays and Thursdays from 4:00 PM to 10:00 PM (6 hours each day). On Fridays, Saturdays, and Sundays, Plaintiff worked from 12:00 PM to 10:00

PM (10 hours each day).Plaintiff worked a total of 42 hours weekly. Plaintiff was unable to take bonafide lunch periods.

10. Plaintiff worked in excess of 40 hours, but he was paid only his salary of $1,000.00 weekly covering 40 working hours, but he was not paid for two overtime hours as required by law.

11. Defendants did not use any time-keeping device, but Defendant worked under the supervision of chef Fabrizio Polizzi, and Defendant could keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

12. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

13. Plaintiff was paid weekly with checks or cash without any paystub or record providing information about the number of days and hours worked, rate paid, employee taxes withheld, etc.

14. On or about March 26, 2023, Defendants fired Plaintiff due to a disagreement with chef Fabrizio Poilizzi.

15. Plaintiff MARIO D. CHIRINO seeks to recover half-time overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

16. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid minimum or overtime wages at

the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME

17. Plaintiff MARIO D. CHIRINO re-adopts every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This cause of action is brought by Plaintiff MARIO D. CHIRINO as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

19. Defendant CASA DEL MARE RISTORANTE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as an Italian restaurant/bar engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto, in excess of $500,000 per annum. By

reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

20. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities, were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

21. Defendant CASA DEL MARE RISTORANTE employed Plaintiff MARIO D. CHIRINO as a line cook from November 01, 2021, to March 26, 2023, or 73 weeks.

22. Plaintiff was hired as a full-time non-exempt salaried employee. Plaintiff was paid a salary of $1,000.00 weekly.

23. During his employment with Defendant, Plaintiff worked a regular schedule of five days per week, a total of 42 hours weekly. Plaintiff was unable to take bonafide lunch periods.

24. Plaintiff worked in excess of 40 hours, but he was paid only his salary of $1,000.00 weekly covering 40 working hours, but he was not paid for two overtime hours as required by law.

25. Defendants did not use any time-keeping device, but Plaintiff worked under the supervision of chef Fabrizio Polizzi, and Defendant could keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

26. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

27. Plaintiff was paid weekly with checks or cash without any paystub or any record providing information about the number of days and hours worked, rate paid, employee taxes withheld, etc.

28. On or about March 26, 2023, Defendants fired Plaintiff due to a disagreement with chef Fabrizio Poilizzi.

29. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

30. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

31. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

33. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    \* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       One Thousand Seven Hundred Thirty-Eight Dollars and 86/100 ($1,738.86)

    b. <u>Calculation of such wages</u>:

       Total number of weeks: 72 weeks

    Total number of relevant weeks: 72 weeks
    Total hours worked: 42 hours weekly
    Total overtime hours: 2 hours
    Salary: $1,000.00 weekly: 42 hours=$23.81
    Regular rate: $23.81 x 1.5= $35.72
    O/T rate: $35.72-$23.81 O/T rate paid= $11.91
    Half-time= $11.91 an hour

    Half-time $11.91 x 2 O/T hours=$23.82 weekly x 73 weeks=$1,738.86

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.

35. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. Defendant CASA DEL MARE RISTORANTE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

38. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIO D. CHIRINOand those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARIO D. CHIRINO and other similarly-situated individuals and against Defendant CASA DEL MARE RISTORANTE based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MARIO D. CHIRINO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIO D. CHIRINO demands trial by jury of all issues triable as of right by jury.

Date: March 30, 2023,

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500

                                                            Miami, FL 33156  
                                                            Telephone: (305) 446-1500  
                                                            Facsimile:  (305) 446-1502  
                                                            zep@thepalmalawgroup.com  
                                                            *Attorney for Plaintiff*